UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE CO. | CIVIL ACTION NO. 17-cv-0434 |
| VERSUS | JUDGE JAMES |
| ALZIRA HENDRIQUES, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Fidelity & Guaranty Life Insurance Company filed this interpleader proceeding against the executrix of the succession of Adelaide Coelho DeMeo and eight individuals, all of whom have asserted claims to the proceeds of a life insurance policy that insured the life of Ms. DeMeo. Fidelity & Guaranty has now deposited the disputed policy proceeds in the registry of the court. The estate representative is the only claimant who has filed an answer.

The record indicates that the eight individual claimants have signed waivers of service, but none has filed a timely answer or other appearance. The court noted in a prior order (Doc. 17) that if a party who has been served or waived service did not file an answer or other appropriate response to the complaint by August 21, 2017 they would be subject to the entry of a default against them, which could bar them from presenting any future claim to the insurance proceeds. That deadline has passed.

Alzira Hendriques, the estate representative, is directed to promptly file a written request, no later than **October 31, 2017**, that the clerk of court enter defaults as to the other claimants. See Fed. R. Civ. Pro. 55(a) and Local Rule 55.1. No later than **November 30,**

**2017**, Hendriques is directed to file a motion for default judgment that is supported by a memorandum that explains the basis for judgment in her favor, supporting affidavits or other evidence as may be necessary, and a proposed judgment.[1] See The Neiman Marcus Grp., Inc. v. Pac. Valley Bank, 2010 WL 5441917 (N.D. Tex. 2010) (granting motion for default judgment in favor of only interpleader claimant to answer); Valley Forge Life Ins. Co. v. Rockmore, 2008 WL 1805450 (M.D. Ga. 2008) ("In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res."); Sun Life Assurance Co. v. Conroy, 431 F.Supp. 2d 220, 226 (D. R.I. 2006) (a defendant in an interpleader action may move for entry of default judgment and is entitled to same when other defendants have not answered or appeared).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of October, 2017.

Mark L. Hornsby<br>U.S. Magistrate Judge

---

[1] Any order regarding the disbursement of the registry funds must comply with Local Rule 67.3.